**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICOLE VANDYKE, | No. 4:25-CV-01752 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT NICHOLAS, | |
| Respondent. | |

**MEMORANDUM OPINION**

**JUNE 18, 2026**

Nicole Vandyke initiated this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. She challenges several denials of parole, claiming that the Pennsylvania Parole Board's decisions violated her substantive due process rights. For the following reasons, the Court will deny Vandyke's Section 2254 petition.

## I.   BACKGROUND AND PROCEDURAL HISTORY

In January 2020, Vandyke was sentenced to an aggregate term of incarceration of 2 years and 11 months to 8 years and 6 months after pleading guilty to simple assault and no contest to aggravated assault and reckless

endangerment.[1]  Her controlling minimum and maximum incarceration dates are March 11, 2022, and October 11, 2027, respectively.[2]

Vandyke was granted parole at the earliest opportunity (on November 30, 2021),[3] effective after her minimum incarceration date of March 11, 2022.[4]  She was released to an approved home plan on March 23, 2022.[5]

Approximately eight months later, Vandyke was convicted of a misdemeanor offense of "Communications with 911"[6] by a magisterial district judge in Lycoming County, Pennsylvania.[7]  On March 3, 2023, the Parole Board recommitted Vandyke as a convicted parole violator to serve a recommitment period of 6 months.[8]  She was awarded credit for time spent at liberty on parole.[9]

Vandyke then received a series of reparole denials.  She was denied reparole on May 31, 2023,[10] December 11, 2023,[11] August 5, 2024,[12] and April 16, 2025.[13]  Vandyke filed the instant Section 2254 petition in this Court in September 2025.[14]

---

[1]  *See* Doc. 12-3 at 2; *Commonwealth v. Vandyke*, No. CP-08-CR-0000320-2019 (Pa. Ct. Com. Pl. Bradford Cnty.).
[2]  *See id.*
[3]  *See* Doc. 12-4 at 2.
[4]  *See id.* at 3.
[5]  *See* Doc. 12-5.
[6]  35 PA. CONS. STAT. § 5310(a).
[7]  *See* Doc. 12-6.
[8]  *See* Doc. 12-7.
[9]  *See id.*
[10]  *See* Doc. 12-8.
[11]  *See* Doc. 12-9.
[12]  *See* Doc. 12-10.
[13]  *See* Doc. 12-11.
[14]  *See generally* Doc. 1 (dated September 14, 2025).

Respondent was served with Vandyke's petition and timely filed a response.[15]

Vandyke filed a traverse[16] after seeking and receiving an extension of time.  Her

Section 2254 petition is therefore ripe for disposition.

## II.   DISCUSSION

Vandyke contends that the Parole Board's parole denials violated her

substantive due process rights under the Fourteenth Amendment.[17]  The Court

disagrees.

The Fourteenth Amendment's due process clause "contains a substantive

component that bars certain arbitrary, wrongful government actions regardless of

the fairness of the procedures used to implement them."[18]  With respect to parole

determinations, the United States Court of Appeals for the Third Circuit has held

that a parole board's decision can violate an inmate's substantive due process

rights if it applies "standards that are divorced from the policy and purpose of

parole" or other "impermissible criteria."[19]  Specifically, the specter of a

substantive due process violation is raised only when "a parole board considers a

---

[15]   Doc. 12.

[16]   Doc. 15.

[17]   Doc. 1 at 5.

[18]   *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

[19]   *See Block v. Potter*, 631 F.2d 233, 236 & n.2, 238, 240 (3d Cir. 1980); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) ("In *Block*, the . . . panel majority concluded that in [using arbitrary criteria for denying parole], the [Parole Board] violated substantive due process in grounding its action on constitutionally impermissible reasons." (internal quotation marks omitted)).

factor that 'shocks the conscience.'"[20]  If, however, there is "some basis" for the parole board's decision, and that basis is not "constitutionally impermissible" or conscience-shocking, a substantive due process challenge will fail.[21]

Vandyke's substantive due process challenge does not warrant relief.  In her petition, she appears to take issue with many of the reasons provided by the Parole Board in its denials of reparole.[22]  For example, she maintains that the disciplinary misconduct she received—which was provided as one of the reasons for the Parole Board's May 2023, December 2023, and August 2025 denials—was wrongfully charged.[23]  Yet simply because Vandyke believes that she should not have received a misconduct does not make the Parole Board's reliance on this factor "arbitrary" or "conscience-shocking."  Quite the opposite: it is simply one of the factors, *i.e.*, "institutional behavior," that the Parole Board may (and did) consider.

Beyond the misconduct, the Parole Board provided a host of other relevant reasons for its denials of reparole after Vandyke was paroled and then recommitted.  Those reasons include her "level of risk to the community," her "prior unsatisfactory supervision history," her "minimization/denial of the nature and circumstances of the offense(s) committed," and her "need to participate in and

---

[20]  *Holmes v. Christie*, 14 F.4th 250, 267 (3d Cir. 2021) (quoting *Newman*, 617 F.3d at 782).
[21]  *See Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).
[22]  *See* Doc. 1 at 5-20.
[23]  *See id.* at 6, 8, 17-18.

complete additional institutional programs."[24]  None of these factors are egregious, arbitrary, or conscience-shocking, as Vandyke claims.

The Court does not trivialize Vandyke's assertion that she has made significant progress toward rehabilitation during her incarceration.[25]  Such efforts are commendable.  But her disagreement with the Parole Board's decisions does not establish a right to habeas corpus relief.  "[F]ederal courts, on habeas review, are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for the challenged decision."[26]  The Parole Board clearly provided "some basis" for its denials of reparole, and Vandyke's various disputes with its reasoning does not provide this Court with a basis to "second-guess" those decisions.

Finally, the Court would be remiss if it did not highlight the fact that Vandyke *was granted parole* by the Parole Board as soon as she was eligible.  The fact that she reoffended and was recommitted is yet another appropriate factor that the Parole Board may (and did) consider when denying reparole.[27]  Again, there is nothing arbitrary or unconstitutional about the Parole Board's conduct in this regard.

---

[24]   *See* Docs. 12-8 through 12-11.
[25]   *See* Doc. 1 at 13, 14.
[26]   *Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir. 2002) (quoting *Coady*, 251 F.3d at 487).
[27]   *See, e.g.*, Doc. 12-9 (denying reparole and citing Vandyke's "prior unsatisfactory supervision history").

5

## III.   CONCLUSION

For the foregoing reasons, the Court will deny Vandyke's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court likewise declines to issue a certificate of appealability, as Vandyke has failed to make a substantial showing of the denial of a constitutional right,[28] or that "jurists of reason would find it debatable" whether this Court's procedural rulings are correct.[29]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[28]   28 U.S.C. § 2253(c)(2).
[29]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

6